# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NOVA HOLDING CLINTON COMPANY, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-11081-KG<br><br>Jointly Administered<br><br>**Hearing Date: June 18, 2009 at 2:00 p.m.**<br>**Objection Deadline: June 11, 2009 at 4:00 p.m.** |

## APPLICATION FOR AUTHORIZATION TO EMPLOY GLASSRATNER ADVISORY & CAPITAL GROUP, LLC *NUNC PRO TUNC* TO APRIL 20, 2009 TO SERVE AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

The Official Committee of Unsecured Creditors (the "Committee") of Nova Holding Clinton County, LLC and its affiliated debtors and debtors-in-possession (the "Debtors") hereby submits this application to retain GlassRatner Advisory & Capital Group, LLC ("GlassRatner") as its financial advisor and respectfully represents as follows:

## BACKGROUND

1. On March 30, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and their properties as debtors-in-possession. No trustee or examiner has been appointed in these cases.

---

[1] The Debtors are: Nova Holding Clinton County, LLC; Nova Biofuels Clinton County, LLC; Nova Holding Seneca, LLC; Nova Biofuels Seneca, LLC; Nova Holding Trade Group, LLC; Nova Biofuels Trade Group, LLC; NBF Operations, LLC; Nova Biosource Technologies, LLC; Biosource America, Inc. and Nova Biosource Fuels, Inc.

PAC 916341v.1

2. On April 14, 2009, the Committee was appointed in these cases by the Office of the United States Trustee (the "US Trustee"), consisting of the following five members: (i) Highbridge International LLC; (ii) DePue Mechanical, Inc.; (iii) The Bank of New York Mellon Trust Company, N.A.; (iv) Lipid Logistics, LLC; and (v) Veolia Environment Services, Industrial Service. On April 20, 2009, the Committee elected to retain GlassRatner as its financial advisor. On May 6, 2009, Veolia Environment Services, Industrial Service resigned from the Committee.

## RELIEF REQUESTED

3. By this Application, the Committee seeks authority to employ GlassRatner as financial advisor to the Committee with respect to matters related to these cases, as more fully described below.

4. The Committee has requested that GlassRatner immediately commence work in order for GlassRatner to assist the Committee as described below. Due to the fact that GlassRatner has been requested to begin work immediately, and commenced providing services on April 20, 2009, the Committee respectfully requests that the Application be approved on a *nunc pro tunc* basis effective as of April 20, 2009.

5. The Committee believes that the size and scope of the Debtors' operations, the magnitude and the complexity of the attendant financial issues to be ascertained, and the time frames proposed require the Committee to employ a financial advisor to assist the Committee in gathering and analyzing financial information and to perform other services as set forth herein. The Committee hereby requests this Court's approval of its employment and retention of GlassRatner in these cases.

6. The Committee has reviewed the qualifications and experience of GlassRatner's personnel and believes that such personnel have considerable experience in advising creditors' committees and assisting various parties-in-interest in restructuring and other business combination transactions, both inside and outside of Chapter 11 proceedings. GlassRatner is a qualified professional services firm whose reorganization professionals have experience in matters of this type. GlassRatner's depth of experience and breadth of service capabilities render it particularly well-qualified and able to provide services to the Committee during the pendency of these Cases.

## SCOPE OF RETENTION

7. The Committee contemplates that GlassRatner will provide the Committee with assistance in connection with the restructuring and reorganization of the Debtors' affairs throughout the course of these cases as the Committee or its counsel may request and as may be agreed to by GlassRatner. Certain of the advisory services and assistance that GlassRatner may render to the Committee may be summarized as follows:

i.) Assist the Committee in connection with its assessment of the Debtors' cash and liquidity requirements, as well as the Debtors' financing requirements;

ii.) Assist the Committee in connection with its monitoring of the Debtors' financial and operating performance, including their current operations, monthly operating reports, and other financial and operating analyses or periodic reports as provided by management or the Debtors' financial advisors;

iii.) Assist the Committee in connection with its evaluation of the Debtors' business, operational and financial plans, both short-term and long-term, including with respect to actual results versus forecast, capital expenditure requirements, and cost reduction opportunities;

iv.) Assist the Committee in connection with its evaluation of the Debtors' statements of financial affairs and supporting schedules, executory contracts and claims;

3

v.) Assist the Committee in connection with its evaluation of the Debtors' operating structure, business configuration and strategic alternatives;

vi.) Assist the Committee in connection with its evaluation of restructuring-related alternatives for the Debtors;

vii.) Assist the Committee in connection with the Committee's restructuring or reorganization-related negotiations including analysis, preparation or evaluation of any plan(s) of reorganization proposed by the Debtors, the Committee or a third party;

viii.) Assist the Committee in connection with its analysis of issues related to claims filed against the Debtors including reclamation issues, administrative, priority or unsecured claims, case litigation and contract rejection damages;

ix.) Assist the Committee in its evaluation of auction procedures or sale transactions that may take place, including with respect to the Committee's evaluation of bids, establishment of bid procedures, identification of additional potentially interested parties for the Debtors' assets, negotiation of asset purchase agreement provisions including working capital adjustments, valuation issues and other related matters;

x.) Consistent with the scope of services set forth herein, attend and participate in hearings before the Bankruptcy Court;

xi.) Assist the Committee, where appropriate, in its analysis of the books and records of the Debtors in connection with potential for recharacterization of debt or recovery of funds to the estate from voidable transactions including related party transactions, preference payments and unenforceable claims; and

xii.) Provide such other related services as may be requested in writing by the Committee and as agreed to by GlassRatner.

8. To the best of the Committee's knowledge, and based upon the Declaration of Wayne P. Weitz (the "Weitz Declaration"), GlassRatner neither holds nor represents an interest adverse to the Debtors or the Debtors' estates in connection with these cases. Furthermore, to the best of the Committee's knowledge, GlassRatner does not have any connection with the Debtors, their significant creditors, the United States Trustee's office for

4

the District of Delaware, any other significant party in interest in the Cases, or with the Debtors' attorneys, except as stated herein, or as described in the Weitz Declaration.

## DISINTERESTEDNESS AND LACK OF ADVERSE INTEREST

9. As is discussed in more detail in the Weitz Declaration, from time to time GlassRatner or its affiliates have provided, may currently provide, and may in the future continue to provide professional services to certain of the Debtors' creditors or their affiliates, or to other parties-in-interest in matters unrelated to these cases.

10. Because GlassRatner is a nationwide firm with many client relationships, and because various parties-in-interest are significant enterprises, GlassRatner is unable to state with certainty that every client relationship or other connection has been disclosed. In this regard if GlassRatner discovers additional information that it determines requires disclosure, it will file promptly a supplemental disclosure with the Court.

## TERMS OF RETENTION

11. GlassRatner's proposed compensation is set forth in the accompanying Weitz Declaration. In summary, the Debtors' estates shall reimburse GlassRatner for its hourly professional charges and disbursements. The Committee and GlassRatner understand that any compensation or reimbursement of expenses paid to GlassRatner must be approved by this Court upon application consistent with the Bankruptcy Code and applicable Bankruptcy Rules.

12. GlassRatner intends to apply for compensation for professional services to be rendered in connection with the Cases and for reimbursement of expenses incurred, in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Delaware,

and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under § 330, and the Administrative Order Establishing Procedures For Interim Compensation and Reimbursement of Expenses of Chapter 11 Professionals and Committee Members. Payment of fees and reimbursement of expenses will be subject to ultimate allowance and approval by this Court.

13. Except as may be described herein, GlassRatner does not have any agreement to share its compensation from the services for which it is seeking to be retained hereunder with any non-affiliated entity. GlassRatner has not requested and has not been paid any retainer in connection with the Cases.

14. The Committee believes that the retention of GlassRatner as its financial advisor on the terms described above *nunc pro tunc* to April 20, 2009, is in the best interests of this estate.

15. No previous application or other request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Committee respectfully requests that the Court enter an order approving its selection of GlassRatner as financial advisors to the Committee in these proceedings, said appointment *nunc pro tunc* to April 20, 2009.

Dated: New York, New York
May 14, 2009

Respectfully submitted,

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF NOVA
HOLDING CLINTON COUNTY, LLC,
ET AL.

By: /s/ William A. Kaluzny
_____, Committee Chairperson
Lipid Logistics, LLC.