## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NOVA HOLDING CLINTON COUNTY, | : | Case No. 09-11081 (KG) |
| LLC, *et al.*,[1] | : | |
| | : | (Jointly Administered) |
| Debtors and Debtors-in-Possession. | : | |
| | : | **Re: Docket No. 181** |

## ORDER AUTHORIZING (i) THE SALE OF SUBSTANTIALLY ALL OF THE SENECA ASSETS AND PROCESS TECHNOLOGY OF DEBTORS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES AND (ii) THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

This matter coming before the Court on the *Motion of Debtors for Entry of Orders under*

*11 U.S.C. §§ 105(a), 365 and 503 and Federal Rules of Bankruptcy Procedure 2002, 6004, 6006*

*and 9014: (I) (A) Approving Bidding and Auction Procedures for the Sale of All Assets of the*

*Debtors; (B) Approving Bidding Incentives for Clinton County Bio Energy, LLC, the Clinton*

*Stalking Horse Bidder; (C) Approving Notice Procedures for the Solicitation of Bids, an Auction,*

*and the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (D)*

*Scheduling an Auction for the Sale or Sales of All or Substantially All of the Debtors' Assets; (II)*

*Approving the Sale or Sales of All or Substantially All of Debtors' Assets, Including, Without*

*Limitation, to the Clinton Stalking Horse Bidder and Approving The Assumption and Assignment*

*of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* (the "Sale

---

[1] The Debtors and the last four digits of their respective tax identification numbers are: Nova Holding Clinton County, LLC (9944); Nova Biofuels Clinton County, LLC (9809); Nova Holding Seneca, LLC (9237); Nova Seneca, LLC (9222); Nova Holding Trade Group, LLC (9278); Nova Biofuels Trade Group, LLC (9269); NBF Operations, LLC (8450); Nova Biosource Technologies, LLC (4403); Biosource America, Inc. (7542); and Nova Biosource Fuels, Inc. (8450).

Motion")[2] seeking, *inter alia*, authority to sell substantially all of the Seneca Assets and the Process Technology to REG Seneca, LLC (the "Purchaser") pursuant to the asset purchase agreement attached to the Sale Motion as *Exhibit C*; and this Court having entered an order dated August 19, 2009 (the "Procedures Order") authorizing the Debtors to conduct, and approving the terms and conditions of, the Auction to consider higher or otherwise better offers for the Purchased Assets and the Assigned Contracts and Leases; and the Court having reviewed the Sale Motion, and all other papers filed with the Court relating thereto and having considered the statements of counsel with respect to the Sale Motion at the Sale Hearing; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. §157(b), (iii) notice of the relief sought in the Sale Motion and the Sale Hearing was sufficient under the circumstances, and no further notice need be given; (iv) a sound business purpose exists to grant the relief contained herein, and (v) there is good cause to waive the ten-day stay imposed by Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and the Court having determined that the legal and factual bases set forth in the Sale Motion, the other papers filed by the Debtors and at the Sale Hearing establish just cause to grant the relief ordered herein;

IT IS HEREBY FOUND AND DETERMINED THAT:

## I.   FINDINGS OF FACT AND CONCLUSIONS OF LAW[3]

A.   This Court has jurisdiction and authority to hear and determine the Sale Motion pursuant to 28 U.S.C. §§1334 and 157(b)(2)(A) and (N). Venue of these cases in this District is

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings given to them in the Sale Motion or the Modified Purchase Agreement (as defined below).

[3] Findings of Fact shall be construed as conclusions of law, and conclusions of law should be construed as findings of fact when appropriate. See Fed. R. Bank. P. 7052. Any statements of this Court from the bench at the Sale Hearing shall constitute additional findings of fact and conclusions of law as appropriate and are expressly incorporated by reference in this Sale Order.

proper under 28 U.S.C. §1409. The statutory predicates for the relief sought herein are sections 105, 363, and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006 and 9014.

B.     This Sale Order constitutes a final order within the meaning of 28 U.S.C. §158(a). To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, and expressly directs entry of judgment as set forth herein.

C.     The Procedures Order was entered on August 19, 2009, under which, among other things, this Court approved certain notice and bidding procedures for the Sale Hearing. The Procedures Order provided that it was immediately effective upon entry, and such Order is a final and non-appealable order and remains in full force and effect.

D.     As evidenced by the affidavits of service filed with the Court, proper, timely, adequate and sufficient notice of the Sale Motion and the Sale Hearing has been provided in accordance with Bankruptcy Rules 2002, 6004, 9006, 9007, 9008 and 9014 and in compliance with the Procedures Order. Notice of the Sale Hearing and related matters was also published in the *Chicago Tribune*. The Debtors provided due and proper notice of the sale, and assumption and assignment of each contract and lease (and related Cure Amounts, if any) listed in the Assumption and Assignment Notice to each non-debtor party to such contract or lease. The Debtors further provided due and proper notice of the Sale to any claimant or potential claimant under any Environmental Laws. Such notice was sufficient and appropriate under the circumstances. No other or further notice of the Sale Motion, the Sale Hearing, the assumption and assignment of the Debtors' contracts and leases under the Modified Purchase Agreement or

-3-

the Assigned Contracts and Leases, or the entry of this Sale Order is necessary or shall be required.

E.     A reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities as outlined in the Sale Motion and the Procedures Order.

F.     The Debtors have demonstrated a sufficient basis and the existence of compelling circumstances requiring it to enter into the Modified Purchase Agreement, sell the Purchased Assets on the terms outlined therein and assume and assign the Assigned Contracts and Leases under sections 363 and 365 of the Bankruptcy Code, and such actions are appropriate exercises of the Debtors' business judgment and in the best interests of the Debtors, their creditors, and their estates.

G.     The Debtors and their professionals have complied, in good faith, in all respects with the Procedures Order.  As demonstrated by the evidence adduced at the Sale Hearing, the Debtors: (i) afforded interested potential purchasers a full, fair and reasonable opportunity to qualify as bidders and submit their highest or otherwise best offers to acquire the Purchased Assets and the Assigned Contracts and Leases, and (ii) provided potential purchasers, upon request, sufficient information to enable them to make an informed judgment on whether to bid on the Purchased Assets and the Assigned Contracts and Leases.  Additionally, the Debtors have, under the circumstances, adequately and appropriately marketed the Purchased Assets and the Assigned Contracts and Leases through, *inter alia*, the dissemination of information regarding the Purchased Assets and the Assigned Contracts and Leases to interested purchasers.

H.     On September 16, 2009, as adjourned to September 22, 2009 and then further adjourned to September 23, 2009, the Debtors conducted the Auction in accordance with the

-4-

Procedures Order entered by the Court. The Debtors received five (5) bids for the Seneca Assets and the Process Technology. The Debtors conducted the adjourned Auction beginning at noon (prevailing Eastern time) on September 22, 2009 at the offices of Debtors' counsel Blank Rome. Such Auction continued through and concluded at approximately 2:10 p.m. (prevailing Eastern time) on September 23, 2009. At the conclusion of the Auction, the Debtors determined that the Purchaser's bid was the highest and best bid and that the credit bid submitted by WestLB AG, New York Branch, as DIP Agent, and WestLB AG, New York Branch, as Pre-Petition Agent, or their successors, assignees or designees (collectively, "WestLB") was the Back-up Bid and WestLB was the Back-up Bidder. Therefore, the Debtor requested that the Court approve (i) the Asset Purchase Agreement among Nova Biofuels Seneca, LLC, Nova Biosource Technologies, LLC and REG Seneca, LLC dated as of September 23, 2009, attached hereto as *Exhibit A* (the "Modified Purchase Agreement") and the Debtors' sale of the Purchased Assets and assumption and assignment of the Assigned Contracts and Leases pursuant to the terms thereof to Purchaser, and (ii) the Asset Purchase Agreement, dated September [25], 2009, between Nova Biofuels Seneca, LLC, Nova Biosource Technologies, LLC, and WestLB, attached hereto as *Exhibit B* ("WestLB Purchase Agreement") and the Debtors' sale of the Purchased Assets and the assumption and assignment of the Assigned Contracts pursuant to the terms thereof to WestLB if the Closing of the sale to Purchaser has not occurred on or before October 15, 2009. The Auction afforded a full, fair and reasonable opportunity for any person or entity to make a higher or otherwise better offer than that reflected in the Modified Purchase Agreement.

I.     The offer of the Purchaser, upon the terms and conditions set forth in the Modified Purchase Agreement, including the form and the total consideration to be realized by the Debtors pursuant to the Modified Purchase Agreement, (i) is the highest and best offer

received by the Debtors, (ii) is fair and reasonable, (iii) is in the best interest of the Debtors, their creditors and their estates, (iv) constitutes full and adequate consideration and reasonably equivalent value for the Purchased Assets and the Assigned Contracts and Leases, and (v) constitutes reasonably equivalent value under the Bankruptcy Code and the Uniform Fraudulent Transfer Act and fair consideration under the Uniform Fraudulent Conveyance Act.

J.      In the course of negotiating the Modified Purchase Agreement with the Debtors, the Purchaser conducted extensive negotiations with WestLB, which is the Back-Up Bidder (defined below) and the holder of the Bank Term Debt.

K.      The Debtors have demonstrated compelling circumstances and a sufficient and sound business purpose and justification for the Sale prior to, and outside of, a plan of reorganization. Such business purpose and justification includes, but is not limited to, the facts that: (i) there is substantial risk of deterioration of the value of the Purchased Assets if the sale is not consummated; (ii) the Purchase Price constitutes the highest and best bid for the Purchased Assets; (iii) the Modified Purchase Agreement and the Closing thereof will present the best opportunity for the Debtors to maximize value; and (iv) unless the sale is concluded as provided for in the Motion and pursuant to the Modified Purchase Agreement, Creditors' recoveries will be diminished. The Debtors' determination that the terms of the Modified Purchase Agreement constitute the highest or best offer for the Purchased Assets constitutes a valid and sound exercise of the Debtors' business judgment. Similarly, the fact that (i) the Purchase Price (as defined in the WestLB Purchase Agreement constitutes the second highest and best bid for the Purchased Assets; (ii) the WestLB Purchase Agreement and the Closing thereof will present the second best opportunity for the Debtors to maximize value; and (iii) unless the sale is concluded as provided for in the Motion and pursuant to the WestLB Purchase Agreement (if the Purchaser

-6-

fails to close under the Modified Purchase Agreement), Creditors' recoveries will be diminished. The Debtors' determination that the terms of the WestLB Purchase Agreement constitute the second highest or best offer for the Purchased Assets constitutes a valid and sound exercise of the Debtors' business judgment.

L. The Purchaser and WestLB, as applicable, have proceeded in good faith in all respects in that: (i) the Purchaser and WestLB recognized that the Debtors were free to deal with any other party interested in acquiring the Purchased Assets; (ii) the Purchaser and WestLB complied with the material provisions in the Procedures Order; (iii) Purchaser and WestLB agreed to subject their respective bids to the competitive bidding procedures set forth in the Procedures Order; (iv) all payments to be made by the Purchaser or WestLB and other agreements or arrangements entered into by the Purchaser or WestLB in connection with the Sale have been disclosed; (v) the Modified Purchase Agreement was negotiated and entered into in good faith, based upon arm's length negotiations, and without collusion; (vi) the WestLB Purchase Agreement was negotiated and entered into in good faith, based upon arm's length negotiations, and without collusion; (vii) the Purchaser and WestLB have not otherwise violated Section 363(n) of the Bankruptcy Code by any action or inaction; (viii) the negotiation and execution of the Modified Purchase Agreement and any other agreements or instruments related thereto were in good faith; and (ix) the negotiation and execution of the WestLB Purchase Agreement and any other agreements or instruments already executed or to be executed in implementation thereof, are in good faith. The Purchaser and WestLB, as applicable, are buyers in good faith, as that term is used in the Bankruptcy Code, and are each entitled to the protections of Bankruptcy Code sections 363(m) and 363(n) with respect to the Purchased Assets and the Assigned Contracts and Leases.

131655.01602/21804670v.6

M.　　Neither the Debtors nor the Purchaser or WestLB have violated Section 363(n) of the Bankruptcy Code by any action or inaction or engaged in any conduct that would cause or permit any of the Modified Purchase Agreement or the WestLB Purchase Agreement, as applicable, or the Sale to be avoided pursuant thereto. Specifically, neither the Purchaser nor WestLB has acted in a collusive manner with any person and the Purchase Price (as defined under the Modified Purchase Agreement or the WestLB Purchase Agreement) was not controlled by any agreement among bidders or any agreement with WestLB in its capacities as DIP Agent, DIP Lender, Pre-Petition Agent or Pre-Petition Lender.

N.　　After giving effect to the provisions of the Bankruptcy Code and this Order, the Debtors: (i) have or prior to the Closing shall have full limited liability company power and authority to execute the Modified Purchase Agreement, the WestLB Purchase Agreement and all other documents contemplated by either such agreement, and the Sale by the Debtors has been duly and validly authorized by all necessary limited liability action of the Debtors, (ii) have all of the limited liability company power and authority necessary to consummate the transactions contemplated by the Modified Purchase Agreement and the WestLB Purchase Agreement, as applicable, (iii) have or prior to the Closing shall have taken all limited liability company action necessary to authorize and approve the Modified Purchase Agreement and the WestLB Purchase Agreement and the consummation by the Debtors of the Sale, and (iv) require no consents or approvals, other than those expressly provided for in the Modified Purchase Agreement and the WestLB Purchase Agreement, to consummate the Sale.

O.　　The terms of the Modified Purchase Agreement are fair and reasonable and the transactions contemplated therein are in the best interests of the Debtors' estates. The Purchase Price represents a fair and reasonable offer to purchase the Purchased Assets under the

131655.01602/21804670v.6

circumstances of this Chapter 11 case and is not avoidable under Section 363(n) of the Bankruptcy Code, and constitutes adequate and fair consideration and reasonably equivalent value for the Purchased Assets.

P.      The terms of the WestLB Purchase Agreement are fair and reasonable and the transactions contemplated therein are in the best interests of the Debtors' estates if the Purchaser fails to acquire the Purchased Assets on or before October 15, 2009. The Purchase Price (as defined under the WestLB Purchase Agreement) represents a fair and reasonable offer to purchase the Purchased Assets under the circumstances of this Chapter 11 case and is not avoidable under Section 363(n) of the Bankruptcy Code, and constitutes adequate and fair consideration and reasonably equivalent value for the Purchased Assets.

Q.      The Debtors may sell the Purchased Assets and assume and assign the Assigned Contracts and Leases free and clear of all Interests (as hereinafter defined) of any kind or nature whatsoever except the Permitted Encumbrances and as otherwise provided in the Modified Purchase Agreement or the WestLB Purchase Agreement, as applicable, because, in each case, one or more of the standards set forth in Bankruptcy code section 363(f)(1)–(5) has been satisfied. Those non-Debtor parties with interests in the Debtors' assets who did not object, or who withdrew their objections, to the Sale or the Sale Motion are deemed to have consented to the Sale pursuant to Bankruptcy Code sections 363(f)(2) and 365. Those non-Debtor parties with interests in the Debtors' assets, who did object, fall within one or more of the other subsections of Bankruptcy Code sections 363(f) and 365. Accordingly, all non-Debtor parties having Interests (as hereinafter defined) of any kind or nature whatsoever against or in any of the Purchased Assets and the Assigned Contracts and Leases shall be forever barred, estopped and permanently enjoined from pursuing or asserting such Interests against the Purchased Assets and

the Assigned Contracts and Leases, the Purchaser or any of its assets, property, successors or assigns.

R.     The conditions of Section 363(f) of the Bankruptcy Code have been satisfied in full.  Therefore, the Debtors may sell the Purchased Assets free and clear of any and all Encumbrances and Claims (each as defined in the Modified Purchase Agreement), and other interests, but not the Permitted Encumbrances or the Purchaser's obligations with respect to the Assigned Contracts and Leases as set forth in the Modified Purchase Agreement, including, but not limited to, those (i) that purport to give to any person or entity a right or option to effect any forfeiture, modification, right of first offer or refusal, or termination of the Debtors' or the Purchaser's interest in the Purchased Assets, or any similar rights, (ii) relating to taxes arising under or out of, in connection with, or in any way relating to the Purchased Assets prior to the Closing (as defined in the Modified Purchase Agreement), (iii) arising under or in connection with any and all mortgages, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, liens (including without limitation mechanics' and materialmen's liens), judgments, demands, encumbrances, rights of use, hypothecations, easements, servitudes, restrictive covenants, leases, subleases, covenants, rights of way, options, claims (including, without limitation, any and all "claims" as defined in Section 101(5) of the Bankruptcy Code), restrictions, encroachments, encumbrances or charges of any kind or nature, if any, including, but not limited to, any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership, and (iv) and all debts or claims (as defined in Section 101(5) of the Bankruptcy Code), obligations, liabilities, demands, rights of recoupment, set-offs, environmental claims, causes of action, warranties, guaranties, options, rights, contractual or other commitments, restrictions and matters of any kind and nature, including, without

-10-

limitation, Claims arising in any way in connection with any agreements, acts, or failures to act, of either of the Debtors or either Debtor's predecessors or Affiliates, with respect to the Purchased Assets, in all cases, whether known or unknown, contingent or otherwise, whether arising prior to or subsequent to the commencement of the Debtors' cases pursuant to Chapter 11 of the Bankruptcy Code, and whether imposed by agreement, understanding, law, equity or otherwise, including but not limited to claims and debts otherwise arising under doctrines of successor liability (collectively, "Interests"), in the Purchased Assets pursuant to Section 363(f) of the Bankruptcy Code.

S.     In the case of the Back-Up Bid, the conditions of Section 363(f) of the Bankruptcy Code have been satisfied in full. Therefore, the Debtors may sell the Purchased Assets free and clear of any and all Encumbrances (as defined in the WestLB Purchase Agreement) and Claims (as defined in the Bankruptcy Code), and other Interests, but not the Permitted Encumbrances or WestLB's obligations with respect to the Assigned Contracts as set forth in the WestLB Purchase Agreement, pursuant to Section 363(f) of the Bankruptcy Code.

T.     Neither the Purchaser nor WestLB would have entered into the Modified Purchase Agreement or the WestLB Purchase Agreement, as applicable, and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtors, their estates, and their creditors, if either (i) the Sale and the assumption and assignment of the Assigned Contracts and Leases to the Purchaser or WestLB, as applicable, were not free and clear of all Interests of any kind or nature whatsoever, except those expressly assumed by the Purchaser in the Modified Purchase Agreement or by WestLB in the WestLB Purchase Agreement, or (ii) the Purchaser or WestLB would, or in the future could, be liable for any of

-11-

such Interests, including, but not limited to, any Claims against the Debtors based upon successor or vicarious liability or otherwise.

U.   The transfers contemplated by the Modified Purchase Agreement and the WestLB Purchase Agreement do not and shall not subject the Purchaser or WestLB, as applicable, to any liability for claims against the Debtors by reason of such transfers under the laws of the United States, any state, territory or possession thereof, including claims relating to the operation of the Debtors' business before the Closing Date, except as specifically provided in the Modified Purchase Agreement or the WestLB Purchase Agreement, as applicable. Neither the Purchaser nor WestLB constitutes a successor to any of the Debtors or their estates. Neither the Purchaser nor WestLB is a mere continuation of any of the Debtors. The Sale does not amount to a consolidation, merger or de facto merger of the Purchaser or WestLB, as applicable, and any of the Debtors.

V.   At the Closing the Debtors shall assume each of the Assigned Contracts and Leases and assign each of them to the Purchaser or its designee or WestLB, as applicable, pursuant to sections 363 and 365 of the Bankruptcy Code and this Sale Order notwithstanding any anti-assignment clause or other similar provision in the relevant Assigned Contract, as provided by section 365(f) of the Bankruptcy Code. The assumption and assignment of the Assigned Contracts and Leases is in the best interests of the Debtors and their estates, creditors and other parties in interest, representing the reasonable exercise of sound and prudent business judgment by the Debtors. The Purchaser, WestLB and the Debtors have provided evidence of adequate assurance of future performance by the Purchaser under the Assigned Contracts and Leases and WestLB under the Assigned Contracts.

131655.01602/21804670v.6

W. The Purchaser and WestLB, as applicable: (i) have cured, or have provided adequate assurance of cure, of any default existing prior to the date hereof under any of the Assigned Contracts and Leases, within the meaning of Bankruptcy Code section 365(b)(1)(A) and (B), and (ii) have provided adequate assurance of future performance under each of the Assigned Contracts and Leases, within the meaning of Bankruptcy Code section 365(b)(1)(C).

X. The cure amounts set forth in the Amended Assumption and Assignment Notice with respect to each Assigned Contract (collectively, the "Cure Amounts") are the sole amounts necessary under sections 365(b)(l)(A) and (B) and 365(f)(2)(A) of the Bankruptcy Code to cure all defaults and pay all actual pecuniary losses under the Assigned Contracts and Leases. In accordance with the method set forth in the Modified Purchase Agreement or the WestLB Purchase Agreement, the Purchaser or WestLB shall pay the Cure Amounts for the Assigned Contracts and Leases.

Y. The Purchaser is assuming only those liabilities and obligations as set forth in the Modified Purchase Agreement, and is not assuming any other liabilities or obligations of the Debtors. If WestLB closes on the Sale, WestLB will assume only those liabilities and obligations as set forth in the WestLB Purchase Agreement, and will not assume any other liabilities or obligations of the Debtors.

Z. The Debtors are assuming, assigning, and selling to the Purchaser only the Assigned Contracts and Leases set forth in Schedule 1A of the Modified Purchase Agreement, as the same has been or may be amended by the Designation Deadline, in accordance with the terms of the Modified Purchase Agreement and are not assuming, assigning, or selling any executory contracts or unexpired leases other than the Assigned Contracts and Leases set forth in Schedule 1A of the Modified Purchase Agreement, as the same has been or may be amended by

-13-

the Designation Deadline. The Purchased Assets do not include the Excluded Assets, as defined in the Modified Purchase Agreement. The Excluded Assets shall remain subject to existing Interests, if any.

AA. The Debtors are assuming, assigning, and selling to WestLB only the Assigned Contracts set forth in Schedule 1 of the WestLB Purchase Agreement, as the same has been or may be amended by the Designation Deadline, in accordance with the terms of the WestLB Purchase Agreement and are not assuming, assigning, or selling any executory contracts or unexpired leases other than the Assigned Contracts set forth in Schedule 1 of the WestLB Purchase Agreement, as the same has been or may be amended by the Designation Deadline. The Purchased Assets do not include the Excluded Assets, as defined in the WestLB Purchase Agreement. The Excluded Assets shall remain subject to existing Interests, if any.

BB. Given all of the circumstances of the Debtors' chapter 11 cases and the adequacy and fair value of the Purchase Price and the assumption by the Purchaser of the Assigned Contracts and Leases and the liabilities and obligations as set forth in the Modified Purchase Agreement, the proposed Sale of the Purchased Assets and assumption and assignment of the Assigned Contracts and Leases to the Purchaser under the Modified Purchase Agreement constitutes a reasonable and fair exchange of consideration and reasonable and sound exercise of the Debtors' business judgment, and should be approved.

CC. Similarly, given all of the circumstances of the Debtors' chapter 11 cases and the adequacy and fair value of the Purchase Price (as defined in the WestLB Purchase Agreement) and the assumption by WestLB of the Assigned Contracts and the liabilities and obligations as set forth in the WestLB Purchase Agreement, the proposed Sale of the Purchased Assets and assumption and assignment of the Assigned Contracts to WestLB under the WestLB Purchase

-14-

Agreement constitutes a reasonable and fair exchange of consideration and reasonable and sound exercise of the Debtors' business judgment, and should be approved.

DD.     All findings of fact and conclusions of law announced by the Court at the Sale Hearing are incorporated herein.

EE.     The Modified Purchase Agreement obligates the Purchaser to provide to the Debtors reasonable access to its books and records after the Closing to be able to administer the Bankruptcy Case.

FF.     Time is of the essence in consummating the Sale. In order to maximize the value of the Purchased Assets, it is essential that the Sale occur promptly, and within the time constraints set forth in the Modified Purchase Agreement and the WestLB Purchase Agreement. Accordingly, there is cause to lift the stays contemplated by Bankruptcy Rules 6004 and 6006.

## II.     DECRETAL PROVISIONS

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

### General Provisions

1.     Except to the extent that relief was previously granted by the Procedures Order, the Sale Motion is GRANTED, as further described herein.

2.     All objections to the Sale Motion have either been resolved or are OVERRULED.

### Approval of the Modified Purchase Agreement

3.     The Modified Purchase Agreement and all of the terms and conditions thereof, are hereby approved.

4.     The sale to the Purchaser is approved pursuant to sections 105, 363 and 365 of the Bankruptcy Code, and the Debtors and the Purchaser and their affiliates, officers, directors, employees and agents are authorized and directed to immediately take such actions as are

-15-

necessary to consummate and implement the Modified Purchase Agreement. The terms and conditions of the Modified Purchase Agreement are hereby approved in all respects.

5.      The Debtors, as well as their affiliates (including, without limitation, Holding Seneca SIP and Seneca SIP), officers, directors, employees and agents, are authorized and directed to execute and deliver the Modified Purchase Agreement, together with all additional agreements, instruments and documents that may be reasonably necessary or desirable to implement the Modified Purchase Agreement and effectuate the provisions of this Sale Order and the transactions approved hereby, all without further Order of the Court. Additionally, pursuant to section 363(b) of the Bankruptcy Code, the Debtors are hereby authorized and empowered to fully assume, perform under, consummate, and implement the Modified Purchase Agreement, together with such additional agreements, instruments and documents that may be reasonably necessary or desirable to implement the Modified Purchase Agreement, and to take all further actions as may reasonably be requested by the Purchaser for the purpose of selling, assigning, transferring, granting, conveying, conferring and delivering to the Purchaser, or transferring to the Purchaser's possession, any or all of the Purchased Assets and the Assigned Contracts and Leases, or as may be necessary or appropriate to the performance of the obligations, and make effective the transactions contemplated by the Modified Purchase Agreement, all without further Order of this Court.

### Transfer of the Purchased Assets

6.      Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized to transfer or to cause the transfer of the Purchased Assets in accordance with the terms of the Modified Purchase Agreement. Except for the Permitted Encumbrances and the obligations and liabilities of Purchaser under the Assigned Contracts and Leases pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Purchased Assets and the Assigned

-16-

Contracts and Leases shall be transferred to Purchaser, and upon the Closing shall be, free and clear of all Interests of any kind or nature whatsoever, and all such Interests of any kind or nature whatsoever shall attach to solely the net cash proceeds of the transactions, if any, in the order of their priority, with the same validity, force and effect that they now have as against the Purchased Assets and the Assigned Contracts and Leases, subject to any claims and defenses the Debtors may possess with respect thereto that were not previously waived.

7.      Except for holders of Permitted Encumbrances, all persons or entities holding Interests of any kind or nature with respect to the Purchased Assets and the Assigned Contracts and Leases are hereby barred from asserting such Interests of any kind or nature against the Purchaser, its successors or assigns, or the Purchased Assets and the Assigned Contracts and Leases. This Sale Order is and shall be effective as a determination that except for the Permitted Encumbrances, all Interests shall be and are, without further action by any person or entity, released with respect to the Purchased Assets and the Assigned Contracts and Leases as of the Closing.

8.      Except for holders of Permitted Encumbrances and as expressly provided otherwise by this Sale Order, all persons and entities, including, but not limited to, all debt security holders; equity security holders; governmental, tax and regulatory authorities; lenders; trade creditors; and other creditors holding Interests of any kind or nature whatsoever against or in the Debtors or the Purchased Assets or the Assigned Contracts and Leases (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with or in any way relating to the Debtors, the Purchased Assets, the Assigned Contracts and Leases, the operation of the Purchased Assets prior to the Closing or the transactions are forever barred, estopped and permanently enjoined

131655.01602/21804670v.6

from asserting against the Purchaser, its successors or assigns, their property or the Purchased Assets such persons' or entities' Interests.

### Assumption and Assignment of Assigned Contracts and Leases to the Purchaser

9. Pursuant to Bankruptcy Code sections 105(a) and 365, and subject to and conditioned upon the Closing of the Sale, the Debtors' assumption and assignment to the Purchaser of the Assigned Contracts and Leases is hereby approved, and the requirements of Bankruptcy Code section 365(b)(1) with respect thereto are hereby deemed satisfied.

10. The Debtors are hereby authorized and directed in accordance with Bankruptcy Code sections 105(a) and 365 to (a) assume and assign to the Purchaser, effective upon the Closing of the Sale, the Assigned Contracts and Leases, free and clear of all Interests of any kind or nature whatsoever, except for the Permitted Encumbrances and as otherwise provided in the Modified Purchase Agreement, and (b) execute and deliver to the Purchaser such agreements, documents or other instruments as may be necessary to sell, assign, transfer, convey and deliver the Assigned Contracts and Leases to the Purchaser.

11. The Assigned Contracts and Leases shall be transferred to, and remain in full force and effect for the benefit of, the Purchaser in accordance with their respective terms, notwithstanding any provision in any of the Assigned Contracts and Leases (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer and, pursuant to Bankruptcy Code section 365(k), the Debtors shall be relieved from any further liability with respect to the Assigned Contracts and Leases after such assignment to and assumption by the Purchaser.

12. All defaults or other obligations of the Debtors under any of the Assigned Contracts and Leases arising or accruing prior to the date of this Sale Order (without giving effect to any acceleration clauses or any default provisions of the kind specified in section

-18-

365(b)(2) of the Bankruptcy Code) shall be deemed cured upon payment at the Closing of the Sale or as soon thereafter as practicable of the Cure Amounts, if any, with respect to each Assigned Contract and Lease.

13.     Except for the obligation to pay the Cure Amounts, each nondebtor party to an Assigned Contract and Lease hereby is forever barred, estopped, and permanently enjoined from asserting against the Debtors or the Purchaser, or the property of any of them, any default existing as of the date of the entry of this Sale Order under the Assigned Contract and Lease, whether declared or undeclared or known or unknown; or, against the Purchaser, any counterclaim, defense, setoff or any other claim asserted or assertable against the Debtors under the Assigned Contract and Lease.

14.     The failure of the Debtors or the Purchaser to enforce at any time one or more terms or conditions of any Assigned Contract and Lease shall not be a waiver of such terms or conditions, or of the Purchaser's rights to enforce every term and condition of the Assigned Contract and Lease.

15.     Any provisions in any Assigned Contract and Lease that prohibit or condition the assignment of any Assigned Contract and Lease or allow the non-debtor party to such Assigned Contract and Lease to terminate, recapture, impose any penalty, condition a renewal or extension, or modify or limit any term or condition upon the assignment of such Assigned Contract and Lease, constitute unenforceable anti-assignment provisions that are void and of no force and effect. All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and assignment to the Purchaser of the Assigned Contracts and Leases have been satisfied and all counterparties to such Assigned Contracts and Leases shall be deemed to have consented to the assignment to Purchaser as

-19-

contemplated by Bankruptcy Code section 365(c). Upon the Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser shall be fully and irrevocably vested with all rights, title, privilege and interest of the relevant Debtors under the applicable Assigned Contract and Lease.

16.     The payment of the Cure Amounts (if any) shall (a) effect a cure of all defaults existing under the applicable Assigned Contract and Lease as of the Closing, (b) compensate for any actual pecuniary loss to such non-Debtor party resulting from such defaults, (c) constitutes satisfaction in full of all amounts accrued as of the Closing and (d) together with the assumption and purchase of the Assigned Contracts and Leases by the Purchaser, constitute adequate assurance of future performance thereof. Upon the payment of the Cure Amounts, the Purchaser shall have assumed such Assigned Contracts and Leases and, pursuant to sections 363, 365(f), and 365(k) of the Bankruptcy Code, the assignment and sale by the Debtors of such Assigned Contracts and Leases shall not be a default thereunder. After the payment of the relevant Cure Amounts, neither the Debtors nor the Purchaser shall have any further obligations to the non-Debtor parties to such Assigned Contracts and Leases other than the Purchaser's obligations under such Assigned Contracts and Leases that accrue on or after the Closing.

17.     Upon the Closing on the Sale and the payment of the relevant Cure Amounts by the Purchaser, the Purchaser shall be deemed to be substituted for the Debtors as a party to the applicable Assigned Contracts and Leases, and the Debtors shall be relieved from all liability on such Assigned Contracts and Leases arising after the Closing.

18.     The Purchaser has provided adequate assurance of its future performance under the relevant Assigned Contract and Lease within the meaning of sections 365(b)(1)(C), 365(b)(3) (to the extent applicable), and 365(f)(2)(B) of the Bankruptcy Code.

-20-

19.     There shall be no rent accelerations, assignment fees, increases (including advertising rates), or any other fees charged to the Purchaser as a result of the assumption, assignment, and sale of the Assigned Contracts and Leases. The failure of the Debtors or Purchaser to enforce at any time one or more of the conditions of any such Assigned Contract and Lease shall not be a waiver of such term or conditions, or of the Debtors' and Purchaser's right to enforce every term and condition of such Assigned Contract and Lease.

20.     Pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, all parties to the Assigned Contracts and Leases are forever barred and enjoined from raising or asserting against the Purchaser or the Purchased Assets any assignment fee, default, breach, or claim or pecuniary loss, or condition to assignment, arising under or related to such Assigned Contracts and Leases existing as of the Closing Date or arising by reason of the Closing, except for any post-petition amounts that are being assumed by the Purchaser under the Modified Purchase Agreement.

## **Additional Provisions**

21.     The Purchaser shall have no liability or responsibility for any liabilities or other obligations of the Debtors arising under or related to the Purchased Assets, except for the Permitted Encumbrances and as otherwise set forth in the Modified Purchase Agreement. Without limiting the generality of the foregoing, except as set forth in the Modified Purchase Agreement, the Purchaser shall not be liable for: (i) any fixed, unliquidated or contingent claims against the Debtors or any of its predecessors or affiliates, whether based upon successor or vicarious liability or otherwise, and whether any of such items are known or unknown as of the Closing; (ii) any violation or alleged violation of any environmental laws; or (iii) liabilities under any pension, ERISA, tax, employment, labor, employment or antidiscrimination laws or

131655.01602/21804670v.6

regulations, any products liability law, or any other liability related to the Debtors or the Excluded Assets.

22.     The Purchaser is not a successor to the Debtors or their estates by reason of any theory of law or equity and Purchaser shall not assume or in any way be responsible for any liability or obligation of the Debtors and/or their estates, except as otherwise expressly set forth in the Modified Purchase Agreement. Specifically, the Purchaser is not merely a continuation of the Debtors or their estates, there is no substantial continuity between the Purchaser and the Debtors and there is no continuity of enterprise between the Debtors and the Purchaser.

23.     On and after the Closing, except for holders of Permitted Encumbrances, each of the Debtors' creditors asserting an Interest in any of the Purchased Assets or the Assigned Contracts and Leases is authorized and directed to execute such documents and take all other actions as may be necessary to release its liens on or against the Purchased Assets or the Assigned Contracts and Leases being transferred pursuant to the Modified Purchase Agreement, as such Interests may have been recorded or otherwise exist; provided that the failure of any such creditors to comply with the provisions of this paragraph shall in no way limit the release, discharge and termination of any such Interests against the Purchased Assets or the Assigned Contracts and Leases purchased as otherwise provided by this Sale Order.

24.     If any person or entity that has filed financing statements, mortgages, mechanics' liens, lis pendens, or other documents or agreements evidencing Interests against or in the Debtors or the Purchased Assets and the Assigned Contracts and Leases shall not have delivered to the Debtors prior to Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Interests which the person or entity has with respect to the Debtors or the Purchased Assets or the Assigned Contracts and

-22-

Leases or otherwise, then (at the Closing) only with regard to the Purchased Assets or the Assigned Contracts and Leases being acquired by the Purchaser pursuant to the Modified Purchase Agreement, the Purchaser is hereby authorized to file, register or otherwise record a certified copy of this Sale Order (and file any UCC-3 termination statements), which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Interests against the Purchased Assets and Assigned Contracts and Leases. This Sale Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state or local government agency, department or office. Holders of Permitted Encumbrances shall not be required to comply with and are not subject to the provisions of this paragraph 24.

25. The automatic stay provisions of section 362 of the Bankruptcy Code are vacated and modified to the extent necessary to implement the terms and provisions of the Modified Purchase Agreement and the provisions of this Sale Order.

26. Each and every federal, state and local government agency or department and all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds and other similar persons are hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Modified Purchase Agreement and this Sale Order.

27. All persons or entities that are presently, or on the Closing Date may be, in possession of some or all of the Purchased Assets and the Assigned Contracts and Leases are hereby directed to surrender possession of the Purchased Assets or the Assigned Contracts and Leases to the Purchaser on the Closing Date.

131655.01602/21804670v.6

28.     Article 6 of the Uniform Commercial Code governing Bulk Sale Transfers and comparable state statutes are not applicable to the sale of the Purchased Assets or the Assigned Contracts and Leases to the Purchaser.

29.     To the extent any Permit that is necessary for the operation of the Business or any of the Purchased Assets is determined not to be an executory contract assumable and assignable under Section 365 of the Bankruptcy Code, the Purchaser shall apply for and obtain any necessary Permits promptly after the Closing and such Permits of the Debtors shall remain in place for the Purchaser's benefit until new Permits are obtained or for a reasonable period of time after the Closing Date.

30.     The Modified Purchase Agreement and any related agreements, documents or other instruments may be amended by the parties in a writing signed by such parties without further order of the Court at any time, provided any such amendment is approved in writing by WestLB and does not have a Material Adverse Effect on the Debtors or the Debtors' estates; provided, however, that notice of such amendment is provided to counsel for the Indenture Trustee and the Committee.

31.     This Court retains jurisdiction to (a) enforce and implement the terms and provisions of the Modified Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith; (b) compel delivery of the Purchased Assets or the Assigned Contracts and Leases to the Purchaser, (c) compel delivery of the Purchase Price; (d) compel specific performance of the Debtors' and the Purchaser's obligations under the Modified Purchase Agreement; (e) resolve any disputes arising under or related to the Modified Purchase Agreement; (f) interpret, implement and enforce the provisions of this Sale Order; (g) determine any disputes relating to or concerning the receipt,

-24-

use, application or retention of the proceeds from the sale of the Purchased Assets or the Assigned Contracts and Leases; (h) determine all disputes concerning any alleged liens, claims, encumbrances, and interests on the Purchased Assets and the Assigned Contracts and Leases, including the extent, validity, enforceability, priority, and nature of all such alleged liens, claims, encumbrances, and interests subject to other Orders of this Court; and (i) adjudicate any and all issues relating to the Purchased Assets or the Assigned Contracts and Leases.

32.     To the extent that any provision of this Sale Order is inconsistent with the provisions of the Modified Purchase Agreement, any prior order, or any pleading with respect to the motions in these cases, the terms of this Sale Order control.

33.     The Purchaser is deemed a buyer in good faith of the Purchased Assets and the Assigned Contracts and Leases and thus entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code, in the event that this Order is modified on appeal or reversed.

34.     The transactions contemplated by the Modified Purchase Agreement are not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code.

35.     The Debtors and the Purchaser are hereby authorized and directed to take all actions reasonably necessary to effectuate the terms of the Modified Purchase Agreement, the transactions contemplated thereunder and the provisions of this Sale Order, all without the necessity of any further order of the Bankruptcy Court.

36.     The terms and provisions of the Modified Purchase Agreement, together with the terms and provisions of this Sale Order, shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, the Debtors' estates and the Debtors' creditors, the Purchaser, and their affiliates, successors and assigns, and any affected third parties and persons or entities asserting a claim against or interest in or lien on the Debtors' estates or any of the Purchased

Assets or the Assigned Contracts and Leases to be sold to the Purchaser, pursuant to the Modified Purchase Agreement, notwithstanding any subsequent appointment of any trustee for any of the Debtors under any chapter of the Bankruptcy Code, as to which trustee such terms and provisions likewise shall be binding in all respects.

37. The provisions of Bankruptcy Rules 6004(h) and 6006(d) shall not apply to stay consummation of the sale of the Purchased Assets to the Purchaser under the Modified Purchase Agreement, as contemplated in the Sale Motion and approved by this Sale Order, and the Debtors and the Purchaser are hereby authorized to consummate the transactions contemplated and approved herein immediately upon entry of this Sale Order.

38. Any appeal seeking to enjoin or stay consummation of the Sale (the "Appeal") shall be subject to the appellant depositing or posting a bond in an amount equal to the then aggregate purchase price, and applicable damages, pending the outcome of the Appeal.

39. This Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the Modified Purchase Agreement, all modifications thereto, and any waivers and consents thereunder and each of the agreements executed in connection therewith.

40. The failure specifically to include any particular provisions of the Modified Purchase Agreement in this Sale Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Modified Purchase Agreement is hereby authorized and approved in its entirety, as it may be amended or supplemented in accordance with its terms and this Sale Order.

41. WestLB's credit bid as set forth in the WestLB Purchase Agreement is designated as the Back-Up Bid to the bid submitted by the Purchaser as set forth in the Modified

-26-

Purchase Agreement. If the Purchaser does not complete the sale pursuant to the Modified Purchase Agreement with a Closing on or before October 15, 2009, except as otherwise agreed to in writing by the Debtors, the Purchaser and WestLB, then the Debtors shall immediately notify WestLB of such failure to Close and the sellers under the WestLB Purchase Agreement shall sell the Purchased Assets to WestLB and assume and assign the Assigned Contracts to WestLB on a date acceptable to WestLB that is no later than October 19, 2009. If the Purchaser fails to Close on the Sale prior to October 15, 2009, then for all purposes in Section II of this Sale Order, WestLB shall be designated the "Purchaser" for the Sale and given all of the rights and protections afforded to the Purchaser under this Sale Order. In addition, if the Purchaser fails to Close on the Sale prior to October 15, 2009, then each of the following terms in Section II of this Sale Order shall automatically be deemed redefined as follows: (i) "Purchaser" shall become "WestLB", (ii) "Modified Purchase Agreement" shall become "WestLB Purchase Agreement", (iii) "Assigned Contracts and Leases" shall become "Assigned Contracts", and (iv) any other provision that refers to or relates to Purchaser or the Modified Purchase Agreement shall instead be deemed to refer to the corresponding entity or term associated with WestLB or the WestLB Purchase Agreement.

42.     This Sale Order and the Modified Purchase Agreement: (a) shall be binding in all respects upon all creditors of and holders of equity interests in any Debtors (whether known or unknown), any holders of Interests, all non-Debtors parties to the Assigned Contracts and Leases, the Purchaser and all successors and assigns of the Purchaser, the Debtors and their affiliates including, without limitation, Holding Seneca SIP and Seneca SIP, the Purchased Assets, the Assigned Contracts and Leases and any subsequent trustees appointed in these chapter 11 cases, upon a conversion to chapter 7 under the Bankruptcy Code or upon a dismissal

131655.01602/21804670v.6

of the Debtors' cases; and (b) shall not be subject to rejection. Nothing contained in any plan of reorganization or liquidation confirmed in the Debtors' Chapter 11 case or any order of this Court confirming such plan or in any other order in the Debtors' Chapter 11 cases (including any order entered after any conversion of this case to a case under Chapter 7 of the Bankruptcy Code) shall alter, conflict with, or derogate from, the provisions of the Modified Purchase Agreement or the terms of this Order. The provisions of this Order and the Modified Purchase Agreement and any actions taken pursuant hereto or thereto shall survive entry of any order which may be entered confirming or consummating any plan of reorganization of the Debtors, or which may be entered converting the Debtors' cases from Chapter 11 to Chapter 7 of the Bankruptcy Code or dismissal of the Debtors' cases, and the terms and provisions of the Modified Purchase Agreement, as well as the rights and interests granted pursuant to this Order and the Modified Purchase Agreement, shall continue in this or any superseding case or any dismissal of the Debtors' cases and shall be specifically performable and enforceable against and binding upon the Debtors, their estates and the Purchaser and their respective successors and permitted assigns, including any trustee, responsible officer or other fiduciary hereafter appointed as a legal representative of the Debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code or otherwise. This Order and the Modified Purchase Agreement shall inure to the benefit of the Debtors, their estates, their creditors, the Purchaser, and their respective successors and assigns.

Dated: September 23, 2009

HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

-28-