**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NOVA HOLDING CLINTON COUNTY, LLC, *et al.*,[1] | : | Case No. 09-11081 (KG) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |

Hearing Date: April 6, 2010 at 1:00 p.m. (ET) (Requested)
Objection Deadline: At hearing (Requested)

## DEBTORS' FOURTH EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING ENTRY INTO FIFTEENTH AMENDMENT TO THE DEBTOR IN POSSESSION CREDIT AGREEMENT

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" or "Nova") hereby move (the "Motion")[2] this Court, pursuant to section 364(c) and (d) of title 11 of the United States Code, 11 U.S.C. § 101, *et. seq*. (the "Bankruptcy Code" and Fed. R. Bankr. P. ("Bankruptcy Rules") 2002, 4001 and 9014, for entry of an order authorizing the Debtors' entry into the Fifteenth Amendment to the Debtor-in-Possession Credit Agreement (the "Fifteenth DIP Amendment"). A copy of the proposed order (the "Fifteenth DIP Amendment Order") is attached hereto as Exhibit A and a copy of the Fifteenth DIP Amendment is attached hereto as Exhibit B. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors and the last four digits of their respective tax identification numbers are: Nova Holding Clinton County, LLC ("Holding Clinton"), a Delaware limited liability company (9944); Nova Biofuels Clinton County, LLC ("Clinton"), a Delaware limited liability company (9809); Nova Holding Seneca, LLC ("Holding Seneca"), a Delaware limited liability company (9237); Nova Seneca, LLC ("Seneca"), a Delaware limited liability company (9222); Nova Holding Trade Group, LLC ("Holding Trade Group"), a Delaware limited liability company (9278); Nova Biofuels Trade Group, LLC ("Biofuels Trade Group"), a Delaware limited liability company (9269); NBF Operations, LLC ("NBF"), a Delaware limited liability company (8450); Nova Biosource Technologies, LLC ("Technologies"), a Texas limited liability company (4403); Biosource America, Inc. ("Biosource America"), a Texas corporation (7542); and Nova Biosource Fuels, Inc. ("Biosource Fuels"), a Nevada corporation (8450).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Final DIP Order (defined below).

131655.01602/21866925v.2

## JURISDICTION

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 364(c) and (d) and Bankruptcy Rules 2002, 4001 and 9014.

## BACKGROUND

3. On March 30, 2009 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases (the "Chapter 11 Cases" or the "Cases") are being jointly administered.

4. An Official Committee (the "Committee") of Unsecured Creditors of the Debtors was appointed in these Chapter 11 Cases by the United States Trustee on April 15, 2009. [Dkt. No. 44]. Its members are: (i) Highbridge International LLC; (ii) DePue Mechanical, Inc.; (iii) The Bank of New York Mellon Trust Company, N.A., (iv) Lipid Logistics, LLC, and (v) Veolia Environmental Services, Industrial Service ("Veolia"). Veolia has since resigned from the Committee. No trustee or examiner has been appointed in any of the Chapter 11 Cases.

5. Recently, on March 12, 2010, the Debtors filed a Motion to Dismiss the Chapter 11 Cases (the "Motion for Dismissal") [Docket No. 415]. The Motion for Dismissal, which is still pending before the Court, seeks a controlled dismissal on the terms outlined therein.

## DEBTORS' DIP CREDIT FACILITY

6. On June 24, 2009, this court entered a final order (the "Final DIP Order") that authorized Seneca, Biosource Fuels, Biosource America, Technologies, Clinton and Biofuels

Trade to obtain post-petition financing from WestLB AG, New York Branch ("WestLB"), up to an aggregate amount of $2,030,000 (the "DIP Facility") pursuant to a debtor in possession financing agreement (the "DIP Agreement") guaranteed by Holding Seneca, NBF, Holding Trade and Holding Clinton [Docket No. 143].

7. The Debtors and WestLB filed stipulations extending certain dates set forth in the Final DIP Order and otherwise modifying the provisions of Final DIP Order on July 2, 2009 [Docket No. 152] (the "First Stipulation"), July 9, 2009 [Docket No. 157] (the "Second Stipulation"), July 17, 2009 [Docket No. 170] (the "Third Stipulation"), August 26, 2009 [Docket No. 210] (the "Fourth Stipulation"), September 30, 2009 [Docket No. 247] (the "Fifth Stipulation"), October 30, 2009 [Docket No. 278] (the "Sixth Stipulation"), November 11, 2009 [Docket No. 279] (the "Seventh Stipulation"), November 23, 2009 [Docket No. 299] (the "Eighth Stipulation"), December 17, 2009 [Docket No. 321] (the "Ninth Stipulation"), January 17, 2010 [Docket No. 343] (the "Tenth Stipulation"), January 29, 2010 [Docket No. 356] (the "Eleventh Stipulation"), February 22, 2010 [Docket No. 395] (the "Twelfth Stipulation"), February 25, 2010 [Docket No. 408] (the "Thirteenth Stipulation"), March 12, 2010 [Docket No. 414] (the "Fourteenth Stipulation"), March 19, 2010 [Docket No. 425] (the "Fifteenth Stipulation"), March 26, 2010 [Docket No. 425] (the "Sixteenth Stipulation") and April 1, 2010 [Docket No. 445] (the "Seventeenth Stipulation"). The Seventeenth Stipulation extended the maturity date of the DIP Facility to April 9, 2010.

8. On September 29, 2009, the Debtors and WestLB entered into that certain First Amendment to the Debtor-in-Possession Credit Agreement which amended certain provisions of the DIP Agreement that are also set forth in the Fifth Stipulation. The DIP Agreement has been amended a total of fourteen times; in each case, the amendments conform to the Final DIP Order

as modified by the then current stipulation. This Motion seeks approval of the Fifteenth DIP Amendment.

9. Unlike the stipulations and amendments that were entered into between the parties without the need for additional authority from this Court pursuant to Paragraph 63 of the Final DIP Order, the Debtors sought and received authority from the Court to enter into the Second Amendment to the Debtor-in-Possession Credit Agreement (the "Second DIP Amendment"). The Second DIP Amendment (i) increased the Aggregate Commitment (as defined in the DIP Agreement) to $2,600,000 and (ii) extended the Maturity Date (as defined in the DIP Agreement). On October 14, 2009, the Court entered an order approving the Second DIP Amendment (the "Second DIP Amendment Order") [Docket No. 256]. Similarly, the Debtors sought and received authority from the Court to enter into the Ninth Amendment to the Debtor-in-Possession Credit Agreement (the "Ninth DIP Amendment"). The Ninth DIP Amendment (i) increased the Aggregate Commitment (as defined in the DIP Agreement) by $800,000 for a total Aggregate Commitment of $3,400,000 and (ii) authorized the use of WestLB's Cash Collateral through April 2, 2010. On February 18, 2010, the Court entered an order approving the Ninth DIP Amendment (the "Ninth DIP Amendment Order") [Docket No. 389]. Most recently, the Debtors sought and received authority from the Court to enter into the Thirteenth Amendment to the Debtor-in-Possession Credit Agreement (the "Thirteenth Amendment"). The Thirteenth Amendment (i) increased the Aggregate Commitment (as defined in the DIP Agreement) by $400,000 for a total Aggregate Commitment of $3,800,000 and (ii) authorized the use of WestLB's Cash Collateral through April 2, 2010. On March 25, 2010, the Court entered an order approving the Thirteenth DIP Amendment (the "Thirteenth DIP Amendment Order") [Docket No. 436].

## RECENT AMENDMENTS TO THE DIP CREDIT FACILITY

10. Since the Thirteenth DIP Amendment Order, the DIP Facility has been further amended to facilitate the closing of the sale of substantially all of Seneca's and Technologies' assets to Seneca Landlord, LLC, f/k/a REG Seneca, LLC ("REG Seneca"), in consideration for, among other things, the assumption of approximately $36,250,000 of the secured obligations owed to WestLB, including all of the outstanding DIP Obligations. The order approving the sale was entered on September 29, 2009 [Docket No. 245] following an auction conducted by the Debtors pursuant to Section 363 of the Bankruptcy Code.

11. Seneca, Technologies, WestLB and REG Seneca, have invested substantial time, resources and effort to close the sale to REG Seneca (the "Sale") under extremely challenging circumstances. While all parties have continuously attempted to facilitate the closing of the Sale, emerging issues have prevented the Sale from closing as previously represented to the Court. The Debtors have been led to believe that it is likely that the Sale will ultimately close and REG Seneca will assume the obligations under the DIP Agreement by no later than April 9, 2010. To ensure that the closing will occur and to facilitate a fair, value-optimizing resolution of these Chapter 11 Cases, the Debtors and WestLB have negotiated the terms of the proposed order and the Fifteenth DIP Amendment that will become effective upon the entry of the order approving this Motion. The proposed order provides for:

(a) The Aggregate Commitment (as defined in the DIP Agreement) to be increased by $200,000 for a total Aggregate Commitment of $4,000,000.

(b) Continued authority to use Cash Collateral solely in accordance with the Wind-Down Budget, which is attached hereto as Exhibit C, through April 9, 2010.

(c) The Final DIP Order and Interim Cash Collateral Orders to remain in full force and effect notwithstanding the assumption of all of the DIP Obligations by REG Seneca concurrently with the closing of the Sale.

5

**RELIEF REQUESTED**

12. The Debtors seek entry of the Fifteenth DIP Amendment Order authorizing the Debtors to enter into the Fifteenth DIP Amendment which amends the relevant provisions of the Debtor-in-Possession Credit Agreement pursuant to Bankruptcy Code sections 364(c) and (d) and Bankruptcy Rules 2002, 4001 and 9014.

**BASIS FOR RELIEF REQUESTED**

13. The Debtors seek this Court's entry of the Fifteenth DIP Amendment Order, which in turn authorizes the Debtors to enter into the Fifteenth DIP Amendment attached hereto as Exhibit B and authorizes the Debtors' use of Cash Collateral pursuant to the Wind-Down Budget attached hereto as Exhibit C.

14. The proposed order and the Fifteenth DIP Amendment provide for an increase of $200,000 in the Aggregate Commitment under the DIP Facility for a total Aggregate Commitment of $4,000,000. This increase in the Aggregate Commitment will provide the Debtors' estates with the additional liquidity necessary to close the Sale and maintain administrative solvency for the duration of the budgeted wind-down period for the Chapter 11 Cases. The need for the increase in the Aggregate Commitment is due to the persistence of complex of issues associated with the closing of the Sale to REG Seneca. While certain issues remain, the closing is currently set to occur on April 9, 2010 and the Debtors remain on track for a controlled dismissal of the Chapter 11 Cases, as contemplated by the pending Motion for Dismissal. Nevertheless, the delay in closing has caused a shortfall in cash available to the Debtors. Debtors propose to bridge the cash shortfall in the Wind-Down Budget by borrowing additional funds from WestLB under the DIP Facility prior to the closing of the Sale pursuant to the Fifteenth DIP Amendment.

15. Pursuant to the order approving the Sale, REG Seneca, upon closing, will assume the entirety of the DIP Facility, including the additional borrowings authorized by the order approving this Motion. Although the closing of the Sale is expected to occur on or before April 9, 2010, the Wind-Down Budget anticipates that the Debtors will need to continue to utilize WestLB's Cash Collateral (including the proceeds of the DIP Facility) to fund the Debtors' and the Committee's wind-down of the Debtors' Cases from the closing of the Sale to a date no later than April 9, 2010. The Wind-Down Budget in conjunction with the Final DIP Order (as amended) and the Cash Collateral Orders, which shall remain in full force and effect as provided in the proposed order, will enable the Debtors to continue to utilize WestLB's Cash Collateral while assuring WestLB the timely recovery of all of its Cash Collateral not allocated to specific line items in the Wind-Down Budget upon payment to the estate of the anticipated insurance payments and insurance and gas refunds.

16. The timing of this emergency motion is necessitated by the impending closing of the Sale and the Debtors' recent conclusion that the costs associated with closing the Sale and winding-down their Cases would result in a cash shortfall under the Wind-Down Budget due to the persistence of issues with the closing of the Sale to REG Seneca. WestLB has consented to the relief sought in the Motion. The Debtors expect that the Committee will consent to the relief requested in this Motion.

17. Approval of the proposed order and the Fifteenth DIP Amendment is critical to the Debtors' ability to satisfy their requirements associated with closing the Sale. The relief sought in this Motion is fair, reasonable, and in the best interest of the Debtors' creditors. Increasing the amount of the DIP Facility immediately prior to its assumption in full will enable the Debtors to finance their budgeted administrative liabilities, close the Sale and provide for the orderly wind-down of the Chapter 11 Cases.

131655.01602/21866925v.2

18. Section 364(c) of the Bankruptcy Code provides, among other things, that if a debtor is unable to obtain unsecured credit allowable as an administrative expense under Bankruptcy Code section 503(b)(1), the Bankruptcy Court may authorize a debtor to obtain credit or incur debt: (i) with priority over any and all administrative expenses as specified in Bankruptcy Code sections 503(b) or 507(b), (ii) secured by a lien on property of the estate that is not otherwise subject to a lien, or (iii) secured by a junior lien on property of the estate that is subject to a lien. *11 U.S.C. § 364(c).* Bankruptcy Code section 364(d) allows a debtor to obtain credit secured by a senior or equal lien on property of the estate that is subject to a lien, provided that (x) the debtor is unable to obtain such credit otherwise and (y) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted. *11 U.S.C. § 364(d).*

19. The Debtors negotiated the Fifteenth DIP Amendment with WestLB in good faith at arms-length, having determined that the additional proposed DIP financing (to be assumed in full by REG Seneca) is necessary to enable the closing of the Sale and the orderly resolution of these Chapter 11 Cases and that such financing is only available under Bankruptcy Code sections 364(c) and (d) and only from WestLB. Provided that a debtor's business judgment does not run afoul of the provisions of, and policies underlying the Bankruptcy Code, bankruptcy courts grant a debtor considerable deference in acting in accordance therewith. *See, e.g., Bray v. Shenandoah Fed. Say. & Loan Ass'n (In re Snowshoe Co.)*, 789 F.2d 1085, 1088 (4th Cir. 1986); *In re Ames Dep't Stores, Inc.,* 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990) ("[C]ases consistently reflect that the court's discretion under section 364 is to be utilized on grounds that permit reasonable business judgment to be exercised so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers or its purpose is not so much to benefit the estate as it is to benefit parties in interest."); *see also In re Funding Sys. Asset Mgmt. Corp.,* 72 B.R. 87, 88

(Bankr. W.D. Pa. 1987); *In re Curlew Valley Assocs.,* 14 B.R. 506, 513-14 (Bankr. D. Utah 1981); *In re Simasko Prod. Co.,* 47 B.R. 444, 449 (D. Colo. 1985).

20. Substantially all of the Debtors' assets are encumbered by WestLB and the Debtors will not be able to procure funding for the required Sale closing costs or the orderly wind-down of these Cases from any source other than WestLB. The Debtors have negotiated the best terms available (which terms are consistent with the existing DIP Facility) to obtain the funding they need to maintain sufficient liquidity to preserve their assets and administer their estates through the rest of these Chapter 11 Cases and potentially provide a recovery to general unsecured creditors out of WestLB's Cash Collateral. The Debtors submit that the circumstances of these Cases require the Debtors to obtain emergency financing under Bankruptcy Code sections 364(c) and (d), and accordingly, the Fifteenth DIP Amendment reflects the exercise of their sound business judgment.

## WAIVER OF BANKRUPTCY RULES 6004(a) AND (h)

21. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

22. In light of the foregoing, it is in the best interest of the Debtors' estates to enter into the Fifteenth DIP Amendment and, accordingly, this Court's approval is warranted.

## NOTICE

23. Notice of this Motion will be given to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Indenture Trustee; (iii) counsel to WestLB; (iv) counsel to the Committee; (v) counsel for Sterling Bank; (vi) counsel to REG Seneca and (vii) all parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

**NO PRIOR REQUEST**

24.     No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Fifteenth DIP Amendment Order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested in this Motion and such other and further relief as may be just, proper and necessary.

Dated:  April 1, 2010                    **BLANK ROME LLP**

*/s/ David W. Carickhoff*
David W. Carickhoff (DE No. 3715)
Victoria A. Guilfoyle (DE No. 5183)
1201 Market Street, Suite 800
Wilmington, DE  19801
Telephone:     (302) 425-6400
Facsimile:      (302) 425-6464

            and

Michael B. Schaedle
Josef W. Mintz
One Logan Square
Philadelphia, PA  19103
Telephone:     (215) 569-5500
Facsimile:      (215) 569-5555

Attorneys for the Debtors and
Debtors in Possession