IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NOVA HOLDING CLINTON COUNTY, LLC, et al.,[1] | Case No. 09-11081 (KG) |
| | (Jointly Administered) |
| Debtors. | |
| | **Re: Docket No. 446** |

## ORDER AUTHORIZING ENTRY INTO FIFTEENTH AMENDMENT TO THE DEBTOR-IN-POSSESSION CREDIT AGREEMENT

Upon the motion of the above-captioned debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors"), dated April 1, 2010 (the "Motion") requesting entry of an order (this "Order") pursuant to sections 364(c) and (d) of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"), and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking entry of an order authorizing the Debtors to enter into the Fifteenth DIP Amendment[2]; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and venue before this Court being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due notice of the Motion having been provided; and it appearing that no other or further notice of the Motion need be provided; and the Court having determined that the relief

---

[1] The Debtors and the last four digits of their respective tax identification numbers are: Nova Holding Clinton County, LLC, a Delaware limited liability company (9944); Nova Biofuels Clinton County, LLC, a Delaware limited liability company (9809); Nova Holding Seneca, LLC, a Delaware limited liability company (9237); Nova Seneca, LLC, a Delaware limited liability company (9222); Nova Holding Trade Group, LLC, a Delaware limited liability company (9278); Nova Biofuels Trade Group, LLC, a Delaware limited liability company (9269); NBF Operations, LLC, a Delaware limited liability company (8450); Nova Biosource Technologies, LLC, a Texas limited liability company (4403); Biosource America, Inc., a Texas corporation (7542); and Nova Biosource Fuels, Inc., a Nevada corporation (8450).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion and the Final DIP Order.

1

131655.01602/40187557v.2

sought in the Motion is in the best interests of the Debtors, their estates and all parties in interest; and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is **GRANTED**.

2. Any objections that have not been previously withdrawn are hereby overruled on the merits.

3. All of the facts, findings, conclusions authorizations, vacations, releases, rulings, grants and orders determined or issued by this Court in connection with the Final DIP Order (inclusive of Paragraphs A - W and 1 - 69) are hereby incorporated in this Order and made a part hereof by reference.

4. The terms and conditions of the Fifteenth DIP Amendment, which is attached hereto as **Exhibit 1** and incorporated herein by reference, are hereby approved and the Debtors are authorized to enter into and borrow money under the DIP Facility in accordance with the terms of this Order, the Fifteenth DIP Amendment, the DIP Loan Documents and the Final DIP Order.

5. The Aggregate Commitment (as defined in the DIP Agreement) is hereby increased by $200,000 for a total Aggregate Commitment of $4,000,000.

6. The Debtors, subject to the Final DIP Order, are authorized to use Cash Collateral (which includes all funds borrowed under the DIP Facility) as set forth in Paragraphs 8 and 9 of Final DIP Order, and as further identified in the Wind-Down Budget attached hereto as **Exhibit 2** (the "Wind-Down Budget"), until such authorization is terminated in accordance with the Final DIP Order. The Wind-Down Budget covers the period from April 2, 2010, through April 9, 2010, is incorporated herein by reference and shall constitute the Seneca Budget and the Non-Seneca Budget.

2

7. Notwithstanding the assumption of all of the outstanding DIP Obligations by REG Seneca and the deemed satisfaction of the DIP Obligations as to the Debtors, the applicable provisions of the Final DIP Order and Interim Cash Collateral Orders shall continue to remain in full force and effect and be enforceable in accordance with their terms and Paragraph 62 of the Final DIP Order, including as it relates to the Adequate Protection Obligations, the Adequate Protection Liens and the Adequate Protection Priority Claims. The Debtors' authority to fund the "Seneca Closing Costs" as identified on the Wind-Down Budget out of Cash Collateral, by drawing on the DIP Facility, or by using proceeds of the DIP Facility that have already been drawn shall be conditioned upon the simultaneous closing of the sale of substantially all of the assets of Debtors Nova Biofuels Seneca, LLC, and Biosource Technologies, LLC, and the Debtors' actual incurrence of the relevant obligation described under the Seneca Closing Costs. The Debtors' authority to distribute the "Proposed UCC Payment" (as identified on the Wind-Down Budget) out of WestLB's Cash Collateral shall be conditioned upon WestLB and the Committee reaching agreement on such distribution.

8. References in the Final DIP Order or this Order to the "Final DIP Order" are hereby amended to refer to the "Final DIP Order as amended from time to time, including pursuant to stipulation, the Order Authorizing Entry into Second Amendment to Debtor-In-Possession Credit Agreement, the Order Authorizing Entry into Ninth Amendment to Debtor-In-Possession Credit Agreement, the Order Authorizing Entry into Thirteenth Amendment to Debtor-In-Possession Credit Agreement and the Order Authorizing Entry into Fifteenth Amendment to Debtor-In-Possession Credit Agreement."

9. The Debtors' and WestLB's entry into each of the First Stipulation, the Second Stipulation, the Third Stipulation, the Fourth Stipulation, the Fifth Stipulation, the Sixth Stipulation, the Seventh Stipulation, the Eighth Stipulation, the Ninth Stipulation, the Tenth

3

Stipulation, the Eleventh Stipulation, the Twelfth Stipulation, the Thirteenth Stipulation, the Fourteenth Stipulation, the Fifteenth Stipulation, the Sixteenth Stipulation and the Seventeenth Stipulation (collectively, the "Stipulations") was valid, enforceable and incorporated herein by reference.

10. This Order constitutes findings of fact and conclusions of law and shall take effect and be fully enforceable immediately upon the entry hereof.

11. This Order is not subject to the 14-day stay provision of Bankruptcy Rule 4001(a)(3).

12. Except as modified or superseded by this Order, the Final DIP Order, Interim Cash Collateral Orders and the Stipulations shall continue in full force and effect notwithstanding entry of this Order. To the extent any provision of this Order conflicts with any provision of the Interim Cash Collateral Orders, the Motion, the Prepetition Loan Documents, the DIP Loan Documents, the Final DIP Order, or the Stipulations, the provisions of this Order shall control to the extent of such conflict.

13. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: April 6, 2010

_____
The Honorable Kevin Gross
United States Bankruptcy Judge

131655.01602/40187557v.2